**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
LING YUAN HU,                               )
                                            )
             Plaintiff,                     )
                                            )
     v.                                     )   Civil Action No. 1:12-CV-1640 (KBJ)
                                            )
DEPARTMENT OF DEFENSE, CENTRAL              )
INTELLIGENCE AGENCY, FEDERAL BUREAU         )
OF INVESTIGATION, DEPARTMENT OF JUSTICE,    )
OFFICE OF DIRECTOR FOR NATIONAL             )
INTELLIGENCE, DEPARTMENT OF STATE,          )
NATIONAL SECURITY AGENCY, and UNKNOWN       )
NUMBER OF OFFICIALS, AGENTS, AND            )
CONTRACTORS OF DOD, CIA and FBI,            )
                                            )
             Defendants.                    )
_____)

## MEMORANDUM OPINION

Plaintiff *pro se* Ling Yuan Hu has filed a thirteen-count complaint against the Department of Defense, Central Intelligence Agency, Federal Bureau of Investigation, Department of Justice, Office of the Director for National Intelligence, Department of State, National Security Agency, and an "Unknown Number of Officials, Agents, and Contractors of DOD, CIA and FBI" (collectively, "Defendants"). Plaintiff's factual allegations include that Defendants "have total control of HU's computer, her body and her apartment in Taiwan," and that Defendants have "launched a complete electronic war against HU and watched her life and activity every second through hidden camera in order to make effective attacks." Compl. ¶ 17. Plaintiff also maintains that this "electronic war" constitutes "horrible tortures, brainwash, mind control, political persecution and human rights violations." Id. ¶ 20.

In her complaint, Plaintiff contends that Defendants possess records pertaining to the surveillance campaign against her, and that Defendants have withheld, improperly maintained, and made unauthorized disclosure of such records in a manner that violates FOIA and the Privacy Act.  See Compl. Counts I-VII, XII-XIII.  Plaintiff also alleges violations of her constitutional rights stemming from the purported surveillance campaign itself.  Id. Counts VIII-XI.  Defendants have moved to dismiss the complaint, or, alternatively, for summary judgment.  [Dkt. No. 8.]  For the reasons that follow, Defendants' motion to dismiss the complaint is **GRANTED** as to all counts.

## DISCUSSION

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the [plaintiff]."  Id. (citation omitted).

Claims that are so "patently insubstantial" that no federal question suitable for decision can be discerned are dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994); see, e.g., Bestor v. Lieberman, No. 03-1470 (RWR), 2005 WL 681460 (D.D.C. March 11, 2005) (dismissing case under Fed. R. Civ. P. 12(b)(1) where plaintiff alleged that Senators Joseph Lieberman and Edward Kennedy were "involved in the irradiation of his brain and manipulation of his thought processes via devices surreptitiously implanted in his head").  "Patently insubstantial" claims are those that are "essentially fictitious" and "absolutely devoid of merit," including "bizarre conspiracy theories, any fantastic government manipulations of their will or mind, [or] any sort of supernatural invention."  Best, 39 F.3d at 330-31 (quotation marks omitted).

In the instant case, Plaintiff has failed to meet her burden to establish the existence of subject matter jurisdiction, even under the "less stringent standards" to which federal courts hold *pro se* litigants.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The allegations in the complaint, considered in their entirety, consist of nothing more than an "essentially fictitious" conspiracy theory regarding fanciful and facially implausible surveillance of, and interference with, Plaintiff's life.

## CONCLUSION

Because her claims are patently insubstantial, the Court lacks subject matter jurisdiction over Plaintiff's complaint.  Accordingly, Defendants' motion to dismiss is GRANTED.  An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
KETANJI BROWN JACKSON
United States District Judge

DATE:  May 13, 2013